Slip Op. 13 – 4

UNITED STATES COURT OF INTERNATIONAL TRADE

AD HOC SHRIMP TRADE ACTION
COMMITTEE,

       Plaintiff,

          v.

UNITED STATES,

       Defendant,

          and

HILLTOP INTERNATIONAL and OCEAN
DUKE CORP.,

       Defendant-Intervenors.

Before:   Donald C. Pogue,
          Chief Judge

Court No. 11-00335

OPINION AND ORDER

[Defendant's motion to expand scope of remand granted]

Dated: January 9, 2013

     Andrew W. Kentz, David A. Yocis, Jordan C. Kahn, and
Nathaniel Maandig Rickard, Picard Kentz & Rowe LLP, of Washington,
DC, for Plaintiff Ad Hoc Shrimp Trade Action Committee.

     Joshua E. Kurland, Trial Attorney, Commercial Litigation
Branch, Civil Division, U.S. Department of Justice, of Washington,
DC, for Defendant.  With him on the brief were Stuart F. Delery,
Principal Deputy Assistant Attorney General, Jeanne E. Davidson,
Director, and Patricia M. McCarthy, Assistant Director.  Of counsel
on the brief was Melissa M. Brewer, Attorney, Office of the Chief
Counsel for Import Administration, U.S. Department of Commerce, of
Washington, DC.

     Mark E. Pardo and Andrew T. Schutz, Grunfeld, Desiderio,
Lebowitz, Silverman & Klestadt LLP, of Washington, DC, for
Defendant-Intervenors Hilltop International and Ocean Duke
Corporation.

**Pogue, Chief Judge:**   Before the court is Defendant's
motion to expand the scope of previously ordered remand
proceedings. Def.'s Partial Consent Mot. to Expand the Scope of the
Court's Nov. 30, 2012 Remand Order, ECF No. 68 ("Def.'s Mot.");[1]
see Order, Nov. 30, 2012, ECF No. 67 (remanding certain matters to
the United States Department of Commerce ("Commerce") for
additional proceedings).   Commerce moves for a court order to
permit the agency to reopen the administrative record to address
new allegations, which were submitted in connection with a request
for a changed circumstances review. Def.'s Mot. at 1-2.
Specifically, Commerce requests permission to consider newly
presented information that the agency believes could show that the
mandatory respondent in the administrative review at issue provided
false and incomplete information regarding its affiliates. Id.
Although Commerce decided not to initiate the requested changed
circumstances review, the agency requests that the court permit it
to consider these allegations in the course of the court-ordered
remand that is currently under way. Id. at 2.[2]   For the reasons
below, Defendant's motion will be granted.

---

[1] Plaintiff Ad Hoc Shrimp Trade Action Committee consents to
Defendant's motion, while Defendant-Intervenors Hilltop
International and Ocean Duke Corporation oppose it. Def.'s Mot. at
1.

[2] Cf. Home Prods. Int'l, Inc. v. United States, 633 F.3d 1369, 1377
(Fed. Cir. 2011) ("Commerce may not reopen a case while it is on
appeal until the case has been remanded by the [court]."); Ad Hoc
Comm. of AZ-NM-TX-FL Producers of Gray Portland Cement v. United
                                        (footnote continued . . .)

Commerce relies on <u>Tokyo Kikai Seisakusho, Ltd. v. United States</u>, 529 F.3d 1352 (Fed. Cir. 2008) and <u>Home Prods. Int'l, Inc. v. United States</u>, 633 F.3d 1369 (Fed. Cir. 2011) to support the agency's claim that "Commerce has inherent authority to cleanse its proceedings where they are tainted by fraud and may reconsider a previous determination where evidence of fraud has come to light." Def.'s Mot. at 2.  Commerce argues that, "[h]ere, new evidence has been brought to light that 'calls into question the integrity of the agency's proceeding.'" <u>Id.</u> (quoting <u>Home Prods.</u>, 633 F.3d at 1380).

Defendant-Intervenors Hilltop International and Ocean Duke Corporation ("Defendant-Intervenors") oppose Defendant's motion to expand the scope of the remand. Def.-Ints.' Opp'n to Def.'s Partial Consent Mot. to Expand the Scope of the Court's Nov. 30, 2012 Remand Order, ECF No. 69 ("Def.-Ints.' Opp'n"). Defendant-Intervenors argue that <u>Tokyo Kikai</u> and <u>Home Products</u> – the two decisions cited in Defendant's motion – "plainly establish that there must be a prima facie showing that the proceeding was tainted by fraud and that this alleged fraud had a material impact upon Commerce's initial dumping determination," <u>id.</u> at 5 (emphasis omitted), whereas Defendant "has failed to provide even the most cursory details concerning these allegations, nor has Defendant

_____

<u>States</u>, 68 F.3d 487 (Fed. Cir. 1995) (per curiam) ("We do not approve of Commerce's excursion beyond the mandate of [the remand order] . . . .").

attempted to explain how these allegations by Ad Hoc (even if

assumed to be true) would have a material impact on Commerce's

margin calculation for Hilltop in the fifth administrative review."

Id. at 2-3.

But neither the Tokyo Kikai nor the Home Products

decision squarely governs the issue presented here.  Tokyo Kikai

dealt with a challenge to Commerce's own decision to reopen an

administrative review proceeding before commencement of any

litigation to challenge the final results of that proceeding,

whereas Home Products addressed the question of when a court must

remand to reopen an administrative proceeding over the agency's own

opposition to doing so. Tokyo Kikai, 529 F.3d at 1357-58;

Home Prods., 633 F.3d at 1377-78.  In Tokyo Kikai, the Court of

Appeals held that "Commerce possesses inherent authority to protect

the integrity of its yearly administrative review decisions, and to

reconsider such decisions on proper notice and within a reasonable

time after learning of information indicating that the decision may

have been tainted by fraud." Tokyo Kikai, 529 F.3d at 1361-62

(footnote omitted).  In Home Products, where Commerce opposed

another party's request to reopen an administrative proceeding, the

Court of Appeals held that this Court abuses its discretion by

refusing to order a remand to reopen proceedings "where a party

brings to light clear and convincing new evidence sufficient to

make a prima facie case that the agency proceedings under review

were tainted by material fraud." Home Prods., 633 F.3d at 1378.

Thus <u>Tokyo Kikai</u> discussed the extent of Commerce's authority to reconsider a decision that had not yet been appealed to the courts, whereas <u>Home Products</u> addressed the limitations upon the court's discretion to remand to reopen administrative proceedings when the agency opposes the remand request.  Neither decision squarely addresses whether the court must grant or deny the Government's request for a voluntary remand to reopen the record of an administrative decision that is already on appeal before the court, which is the issue presented here.

        Commerce generally has inherent authority to reopen and reconsider its previously-conducted yearly administrative reviews of antidumping duty orders because "[t]he power to reconsider is inherent in the power to decide." <u>Tokyo Kikai</u>, 529 F.3d at 1360 (citation omitted).[3]  Far from requiring the sort of showing that Defendant-Intervenors suggest is necessary for Commerce to exercise its inherent authority to reconsider, the Court of Appeals suggested that the exercise of this authority is appropriate where 1) newly revealed information "raised questions" about the original

---

[3] Note that, contrary to Defendant-Intervenors' contentions, the Court of Appeals did not subject this power to reconsider, inherent in the power to decide, to "a prima facie showing that the proceeding was tainted by fraud and that this alleged fraud had a material impact upon Commerce's initial dumping determination." <u>See</u> Def.-Ints.' Opp'n at 5 (emphasis omitted).  The court merely stated that "[a]n agency's power to reconsider is *even more fundamental* when, as here, it is exercised to protect the integrity of its own proceedings from fraud." <u>Tokyo Kikai</u>, 529 F.3d at 1361 (emphasis added, citation omitted).

proceedings,[4] 2) after-discovered fraud "is alleged,"[5] 3) Commerce

wishes "to consider" new allegations,[6] or 4) Commerce "believes"

that its decision was incorrect and "wishes" to alter it.[7]  But

here, unlike in Tokyo Kikai, Commerce cannot simply exercise its

inherent authority to reconsider because the agency's final

determination is already on appeal before this Court. See Home

Prods., 633 F.3d at 1377 ("Commerce may not reopen a case while it

is on appeal until the case has been remanded by the [court].").

          Commerce argues that expanding the scope of remand is

necessary because newly discovered information has the potential to

undermine the accuracy of Commerce's calculations in the

administrative review at issue. Def.'s Mot. at 1-2.  Because the

stated basis for Commerce's remand request is concern for the

potential effect of new information, this request for remand may

appropriately be characterized as based on intervening events.[8]

_____

[4] Tokyo Kikai, 529 F.3d at 1360.

[5] Id. at 1361 (quoting Elkem Metals, Co. v. United States, 26 CIT
234, 240, 193 F. Supp. 2d 1314, 1321 (CIT 2002)).

[6] Home Prods., 633 F.3d at 1377 ("Tokyo Kikai established that
Commerce has inherent authority to reopen a case to consider new
evidence that its proceedings were tainted by fraud.") (emphasis
added).

[7] Id. at 1378 n.10 (quoting SKF USA Inc. v. United States, 254 F.3d
1022, 1028 (Fed. Cir. 2001)).

[8] Although the usual examples of "intervening events" in this
context are "a new legal decision or the passage of new
legislation," SKF, 254 F.3d at 1028, allegations of fraud also fit
comfortably into this category.

Where an agency seeks remand "because of intervening events outside

of the agency's control, . . . [a] remand is generally required if

the intervening event may affect the validity of the agency

action." SKF, 254 F.3d at 1028 (citing Ethyl Corp. v. Browner,

989 F.2d 522, 524 (D.C. Cir. 1993) (noting "the tradition of

allowing agencies to reconsider their actions where events pending

appeal draw their decision in question")).

        "[E]ven if there are no intervening events, the agency

may request a remand (without confessing error) in order to

reconsider its previous position." SKF, 254 F.3d at 1029.  In such

situations, remand is "usually appropriate" if "the agency's

concern is substantial and legitimate," although "remand may be

refused if the agency's request is frivolous or in bad faith." Id.;

see also Nucor Corp. v. United States, __ CIT __, 612 F. Supp. 2d

1264, 1336 (2009) ("Under SKF, an agency is generally entitled to a

voluntary remand to reconsider its position, 'if the agency's

concern is substantial and legitimate.'") (quoting SKF, 254 F.3d

at 1028-29).  This Court has found that Commerce's concerns are

substantial and legitimate where 1) "Commerce provided a compelling

justification for its remand request," 2) "the need for finality –

although an important consideration – does not outweigh the

justification for voluntary remand presented by Commerce," and

3) the "scope of Commerce's remand request is appropriate."

Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v.

United States, 29 CIT 1516, 1522-26, 412 F. Supp. 2d 1330, 1336-39
(2005).

          Here, Commerce has provided a compelling justification -
it has been presented with information sufficient to persuade the
agency that its determinations in the administrative review at
issue may have been based on information that was false or
incomplete and that further inquiry and reconsideration is
therefore warranted. Def.'s Mot. at 1-2.  While Commerce does not
disclose the specific information it asks the court to permit it to
consider on remand, there is no indication of bad faith or
frivolousness. Cf. Nucor Corp., __ CIT at __, 612 F. Supp. 2d
at 1336 (granting request for voluntary remand because "the
Government must be presumed to have acted in good faith," there was
"no evidence to substantiate any suggestion of prejudgment on the
part of Commerce," and this was "not a case in which it can be said
that a remand to the agency would be futile").  In addition, the
need for finality does not outweigh Commerce's justification for
seeking to consider this additional information on remand because
protecting the integrity of administrative proceedings from fraud
or material inaccuracy is among the most fundamental justifications
for disturbing the finality of agency decisions. See Tokyo Kikai,
529 F.3d at 1361.  Finally, the scope of Commerce's remand request
- to expand the scope of remand to allow Commerce to consider
certain information addressed to a discrete material issue - is
reasonable and appropriate.  Accordingly, the Government's request

for an expansion of the scope of remand is based on a substantial

and legitimate concern, and should therefore be granted. See SKF,

254 F.3d at 1029; Shakeproof, 29 CIT at 1522-26, 412 F. Supp. 2d at

1336-39.

     For the reasons presented, Commerce's request to expand

the scope of remand to permit the agency to consider new evidence

concerning the question of whether Hilltop International provided

false or incomplete information regarding its affiliates in the

course of the fifth administrative review of this antidumping duty

order is GRANTED.

     It is SO ORDERED.


                    _____/s/ Donald C. Pogue_____
                    Donald C. Pogue, Chief Judge

Dated: January 9, 2013
      New York, NY